IN THE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| Billy Ray Wooldridge, on behalf of himself and all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:19-cv-00053-HLM-WEJ |
| Gateway Transportation of Georgia, Inc., | § § § § | |
| Defendant. | § § | |

**JOINT MOTION TO CERTIFY A LIMITED COLLECTIVE ACTION AND APPROVE SETTLEMENT AND CONSENT TO THE MAGISTRATE JUDGE FOR CONSIDERATION OF THIS MOTION**

Plaintiff, Billy Ray Wooldridge ("Plaintiff"), and Defendant, Gateway Transportation of Georgia, Inc. ("Defendant"), file this Joint Motion to Certify a Limited Collective Action and Approve Settlement (the "Motion"), respectfully showing in support as follows.

### I.   SUMMARY

This lawsuit was brought by Plaintiff against Defendant alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA"). Thereafter, four Opt-in Plaintiffs filed consents to join this lawsuit (Plaintiff and Opt-in Plaintiffs are referred to collectively herein as "Plaintiffs").

Plaintiffs and Defendant (collectively the "Parties") have reached a settlement agreement relative to the claims of Plaintiffs only in this lawsuit.

For purposes of consideration of this Motion, the Parties hereby consent to Magistrate Judge Walter E. Johnson.

The Parties ask that the Court certify a FLSA collective action consisting of Plaintiffs only, approve the settlement agreement (the "Settlement Agreement" or "Settlement") attached as Exhibit 1 hereto, and dismiss this lawsuit with prejudice.

## II.     PROCEDURAL HISTORY

This lawsuit was filed by Plaintiff on March 19, 2019 alleging individual and collective action claims under the FLSA against Defendant. (Doc. No. 1). Thereafter, the following Opt-in Plaintiffs completed consents to join ("CTJ") that were filed in this case.

> Daniel Crider (Doc. No. 20-1),
>
> Christopher Crumbley (Doc. No. 24-1),
>
> Charles Dillard (Doc. No. 22-1), and
>
> Michael Dowdy (Doc. No. 22-1).

Each CTJ states in relevant part as follows:

> By joining the action or proceeding in which this consent
>
> is filed, I designate the Named Plaintiff(s) in such action
>
> or proceeding as my representative(s) to make all

> decisions on my behalf, to the maximum extent permitted by law, concerning the method and manner of conducting the case including settlement, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and costs, and all other matters pertaining to the action or proceeding.

(*See, e.g.,* Doc. No. 20-1).

To date, no motion for conditional certification of a FLSA collective action has been filed. No motions, other than the present Motion, are pending before the Court.

The Court extended the deadline to file any motion for conditional certification and/or motion for leave to amend pleadings to November 6, 2019. (Doc. No. 34). The Parties requested that extension of the subject deadlines in order to attempt to reach a settlement of the claims in this lawsuit.

After weeks of negotiation amongst counsel for the Parties, and based on records produced by Defendant for Plaintiffs, the Settlement Agreement attached as Exhibit 1 hereto was reached.

### III.   REQUESTED RELIEF

For purposes of consideration of this Motion, the Parties hereby consent to Magistrate Judge Walter E. Johnson. The Parties ask that the Court grant FLSA

collective action certification for a class consisting only of Plaintiffs and that the Court approve the Settlement Agreement attached hereto as Exhibit 1. If the Settlement is approved, the Parties ask that the Court dismiss this lawsuit with Prejudice. Should the Court not approve the Settlement Agreement, then the Parties request that the Court reset the deadlines in this lawsuit accordingly.

**A.** **Request for Limited FLSA Collective Action Certification**

The Parties ask that the Court certify a limited FLSA collective action consisting of Plaintiffs only for purposes of effectuating the Settlement Agreement.

The FLSA authorizes employees to bring a collective action against employers to recover unpaid overtime. 29 U.S.C. § 216(b). A collective action is particularly appropriate when it permits the "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged activity." *Hoffmann-LaRoche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

The FLSA specifically contemplates similarly situated employees joining together on a collective action basis to bring a claim against an employer who has allegedly violated the FLSA. *See* 29 U.S.C. § 216(b). However, unlike Rule 23 class actions, collective actions proceed on an "opt-in" rather than an "opt-out" basis. *See Tolentino v. C&J Spec-Rent Servs., Inc.*, 716 F. Supp. 2d 642, 646 (S.D. Tex. 2010). Accordingly, only putative collective action members who "opt-in" to a case are bound by the results of that case, and the claims of absent collective or class action

members are not released relative to a FLSA collective action settlement or judgment.

Here, for purposes of settlement only, the Parties stipulate that Plaintiffs are similarly situated long haul truck drivers who are current and/or former employees of Defendant.

The Parties respectfully request that the Court enter an order certifying a collective action consisting of the Named Plaintiff and Opt-in Plaintiffs only. No issuance of notice is requested.

**B.      Request for Approval of the Settlement Agreement**

The Parties request that the Court approve the Settlement Agreement attached as Exhibit 1 to this Motion.

FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Villeda v. Landry's Rests., Inc.,* No. H–08–2287, 2009 WL 3233405, at *1 (S.D.Tex. Oct. 7, 2009) (citing *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor,* 679 F.2d 1350, 1353 (11th Cir.1982)). The general rule is that FLSA claims cannot be waived by private settlement unless a court or the U.S. Department of Labor determines that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 165 (5th Cir. 2015).

"If the settlement reflects 'a reasonable compromise over issues,' the court may approve it." *Lynn's,* 679 F.2d at 1354. When a court scrutinizes a FLSA settlement agreement, it must determine that the compromise is a fair and reasonable resolution of a bona fide dispute over the FLSA's provisions. *See Lynn's Food Stores*, 679 F.2d at 1355.

The Settlement Agreement in this lawsuit was the product of arm's length negotiations by experienced counsel and has the salutary effect of (1) providing relief to Plaintiffs, and (2) eliminating the inherent risks both sides would bear if this litigation continued to resolution on the merits. Such negotiations allowed the Parties to bridge the gap between the Parties' settlement positions and obtain the resolution described. Under these circumstances, a presumption of fairness should attach to the proposed settlement. *See Sims v. Hous. Auth. City of El Paso*, No. 10-CV-109, 2012 WL 10862119, at *3 (W.D. Tex. Feb. 29, 2012) (recognizing that there is a strong presumption in favor of finding a settlement fair and that the fact that the settlement is the negotiated result of an adversarial proceeding is also an indication of fairness); *see also Shaw v. CAS, Inc.*, No. 5:17-CV-142, 2018 WL 3621050, at *2 (S.D. Tex. Jan. 31, 2018) (recognizing that courts presume that a settlement agreement is fair, particularly when the agreement is the result of an adversarial proceeding); *see also*

The Settlement Agreement is also fair and reasonable because substantial obstacles exist if litigation continues and the settlement provides immediate relief

for Plaintiffs. The Parties disagree about the merits of Plaintiffs' claims, the viability of Defendants' defenses, whether collective treatment of this case for a larger collective action class is appropriate, and the proper calculation of damages, if any. Without settlement, the Parties would have to engage in additional discovery, including depositions of some or all Plaintiffs and witnesses/representative for Defendant, litigate the merits of the claims and defenses in this lawsuit, and potentially have appellate proceedings. Under such a scenario, Plaintiffs would not see monetary relief from this case, if any, until years from now. The Settlement Agreement brings an immediate benefit to Plaintiffs.

The FLSA requires the payment of attorneys' fees and costs to prevailing plaintiffs. 29 U.S.C. § 216(b). For purposes of approval of legal fees and costs only relative to this motion, the Parties agree that Plaintiffs are prevailing parties. As part of the Settlement Agreement, the Parties have agreed that Plaintiffs' counsel is entitled to a total of $1,900.00 for fees and costs. Allen Vaught ("Vaught"), counsel for Plaintiffs represents to the Court that his lodestar in this case as of October 9, 2019 is no less than $22,680.00 calculated at $400[1] per hour at 56.7 hours.[2] The

---

[1] Vaught's court-approved hourly rate in a 2015 FLSA trucking case was $400 per hour. *See Olibas v. Native Oilfield Services, LLC*, 104 F.Supp.3d 791, 810 (N.D. Tex. 2015).

[2] In addition to other legal services work by counsel for Plaintiffs in this case, there was significant briefing relative to Defendant's motion to dismiss. (*See* Doc. Nos. 14, 21, & 23).

amount sought for legal fees and costs is significantly less than Vaught's lodestar. Furthermore, the amount sought for legal fees and costs is 25.3% of the gross settlement amount although the legal services agreement relative to Plaintiffs sets forth a higher contingency fee percentage. Vaught makes this compromise on potential legal fees and costs in an effort to obtain the results for Plaintiffs requested herein.

## IV.   CONCLUSION

The Parties respectfully request that the Court grant this Motion and enter an order or orders (1) certifying a limited collective action consisting of Plaintiffs only for purposes of effectuating the Settlement Agreement, (2) approving the Settlement Agreement, and (3) dismissing this lawsuit with prejudice. The Parties request such other and further relief to which they may be justly entitled.

Date: October 28, 2019.

Respectfully submitted,

**VAUGHT FIRM, LLC**

By:   s/ Allen R. Vaught
       Allen R. Vaught (*PHV*)
       TX Bar No. 24004966
       MS Bar No. 101695
       1910 Pacific Ave.,
       Suite 9150
       Dallas, Texas 75201
       (214) 675-8603 – Telephone
       (214) 261-5159 – Facsimile
       allen@vaughtfirm.com

Respectfully submitted,

**McCARTHY, LEONARD, KAEMMERER, L.C.**

By:   s/ Bryan M. Kaemmerer
       Bryan M. Kaemmerer (*PHV*)
       MO Bar No. 52998
       825 Maryville Center Dr.,
       Suite 300
       Town & Country, MO 63017
       (314) 392-5200 – Telephone
       (314) 392-5221 – Facsimile
       bkaemmerer@mlklaw.com

| | |
|---|---|
| **DELONG CALDWELL BRIDGERS, FITZPATRICK & BENJAMIN, LLC** | **TAYLOR ENGLISH DUMA LLP** |
| Charles R. Bridgers, <br> local counsel <br> Ga. Bar No. 080791 <br> 3100 Centennial Tower <br> 101 Marietta Street <br> Atlanta, GA 30303 <br> (404) 979-3150 – Telephone <br> (404) 979-3170 – Facsimile <br> charlesbridgers@dcbflegal.com | Steven J. Whitehead <br> Ga. Bar No. 755480 <br> 1600 Parkwood Circle, Suite 200 <br> Atlanta, Georgia 30339 <br> (770) 434-6868 – Telephone <br> (770) 434-7376 – Facsimile <br> swhitehead@taylorenglish.com <br><br> **ATTORNEYS FOR DEFENDANT** |
| **ATTORNEYS FOR PLAINTIFFS** | |

## CERTIFICATE OF CONFERENCE

I hereby certify that, on October 23, 2018 and October 28, 2019, I conferred with Bryan M. Kaemmerer, counsel for Defendant, regarding the relief requested in this Motion. Mr. Kaemmerer confirmed that Defendant agrees to the relief requested in this Motion.

By: s/ Allen R. Vaught
      Allen R. Vaught

IN THE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| Billy Ray Wooldridge, on behalf of himself and all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:19-cv-00053-HLM-WEJ |
| Gateway Transportation of Georgia, Inc., | § § § | |
| Defendant. | § § | |

## CERTIFICATE OF COMPLIANCE WITH LR 5.1C

I hereby certify that, in accordance with LR 7.1D, I prepared the foregoing document in Times New Roman, 14 point font, which is one of the formats permitted by LR 5.1C.

Date: October 28, 2019.

By: s/ Allen R. Vaught
Allen R. Vaught (admitted *pro hac vice*)
TX Bar No. 24004966
MS Bar No. 101695
Vaught Firm, LLC
6122 Palo Pinto Ave.
Dallas, Texas 75214
(214) 675-8603 – Telephone
(214) 261-5159 – Fax
allen@vaughtfirm.com

**DELONG CALDWELL BRIDGERS,
FITZPATRICK & BENJAMIN, LLC**

Charles R. Bridgers, local counsel
Ga. Bar No. 080791
3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
(404) 979-3150 – Telephone
(404) 979-3170 – Facsimile
charlesbridgers@dcbflegal.com

**ATTORNEYS FOR PLAINTIFF**

# IN THE DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| Billy Ray Wooldridge, on behalf of himself and all others similarly situated, § § § § | |
| Plaintiff, § § | |
| v. § | Case No. 4:19-cv-00053-HLM-WEJ |
| § | |
| Gateway Transportation of Georgia, Inc., § § § | |
| Defendant. § § | |

## **CERTIFICATE OF SERVICE**

I hereby certify that, on October 28, 2019, the foregoing JOINT MOTION TO CERTIFY A LIMITED COLLECTIVE ACTION AND APPROVE SETTLEMENT and CERTIFICATE OF COMPLIANCE WITH LR 5.1C were filed electronically with the Clerk of the Court for the United States District Court for the Northern District of Georgia, therefore to be served electronically by this Court's CM/ECF system on all counsel and/or parties entitled to notice of filing of same.

Date: October 28, 2019.

                                        Respectfully submitted,

                                        By: s/ Allen R. Vaught
                                              Allen R. Vaught (admitted *pro hac vice*)
                                              TX Bar No. 24004966
                                              MS Bar No. 101695
                                              Vaught Firm, LLC

6122 Palo Pinto Ave.
Dallas, Texas 75214
(214) 675-8603 – Telephone
(214) 261-5159 – Fax
allen@vaughtfirm.com

**DELONG CALDWELL BRIDGERS, FITZPATRICK & BENJAMIN, LLC**

Charles R. Bridgers, local counsel
Ga. Bar No. 080791
3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
(404) 979-3150 – Telephone
(404) 979-3170 – Facsimile
charlesbridgers@dcbflegal.com

**ATTORNEYS FOR PLAINTIFF**